IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALMY J. O'NEAL, JR.,

                Plaintiff,

v.                                         CIVIL ACTION

                                                    No.  10-3038-CM-DJW

UNITED STATES OF AMERICA,

                Defendant.

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Hold in Abeyance the Deadlines Outlined in the Initial Order Regarding Planning and Scheduling and to Stay Discovery, Planning Conference, Initial Disclosures and Scheduling Deadlines (doc. 21) ("Motion to Stay").  Defendant asks the Court to stay all discovery and other Rule 26 pretrial proceedings and to continue the August 31, 2010 Scheduling Conference, until such time as the Court has ruled on Defendant's Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, Motion for Summary Judgment (doc. 10) ("Motion to Dismiss").

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1]  As a general rule, courts in the District of Kansas do not favor staying pretrial proceedings even though dispositive motions are pending.[2]  An exception to this policy is

---

[1] *Yeahquo v. City of Lawrence*, No. 07-4097-RDR, 2007 WL 3046538, at *1 (D. Kan. Oct. 17, 2007); *Gonzalez v. Pepsico, Inc*., No. 06-2163-KHV, 2007 WL 1100204, at *1 (D. Kan. Apr. 11, 2007).

[2] *Yeahquo,* at *1; *Gonzalez,* 2007 WL 1100204, at *1; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

made when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity.[3] Defendant in this case has asserted the defense of sovereign immunity and has filed a dispositive motion based on its assertion of sovereign immunity. Sovereign immunity is considered "absolute immunity" from suit.[4]

The Supreme Court has held that "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[5] Because sovereign immunity is an immunity from suit and not a mere defense to liability, "the immunity is effectively lost if a case is erroneously permitted to proceed to trial."[6]

In light of the above, the Court holds that Defendant is entitled to a stay pending a ruling on its Motion to Dismiss. Furthermore, the Court finds that a stay would strike a proper balance between conserving resources and providing Plaintiff access to the courts.[7]

In light of the foregoing, the Court grants Defendant's Motion to Stay. All pretrial and Rule 26 proceedings, including the parties' planning conference, Rule 26(a)(1) disclosures, and discovery,

---

[3]*Alpine Atl. Asset Mgmt. AG v. Comstock*, No. 07-2595-JWL-DJW, 2008 WL 618627, at *1 (D. Kan. Mar. 3, 2008); *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist*. No. 202, No. 05-2522-CM-DJW, 2006 WL 681124, at *1 (D. Kan. Mar. 14, 2006).

[4]*Watts v. U. S. Fed. Bureau of Prisons,* No. 9:07-CV-773, 2009 WL 81285, at *5 (N.D. N.Y. Jan. 9, 2009) ("Absent a waiver from suit the United States, as a sovereign entity, is entitled to absolute immunity from suit . . . .") (citing *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980)).

[5]*See Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[6]*Id*. (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

[7]*See Mayberry v. Envtl. Protection Agency*, No. 06-2575-CM-DJW, 2008 WL 104208, at *1 (Jan. 9, 2008) (entering a stay pending ruling on motion to dismiss after balancing the need to conserve resources against plaintiff's need for accessing the courts).

are hereby stayed until the Court has ruled on the pending Motion to Dismiss. In addition, the August 31, 2010 Scheduling Conference is cancelled and a new Order Regrading Planning and Scheduling will be entered, if necessary, after the Court has issued its ruling on the Motion to Dismiss. The stay, however, shall *no*t apply to briefing on the Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay is granted, as set forth above, pending a ruling on Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (doc. 10). Briefing on the Motion to Dismiss, or in the Alternative, for Summary Judgment, however, is not stayed.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 25th day of August, 2010.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc: All counsel and pro se parties