# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALMY J. O'NEAL, JR., )
 )
      **Plaintiff,** )
 )
v. )
 ) No. 10-3038-CM-DJW
 )
UNITED STATES OF AMERICA, )
 )
      **Defendant.** )
 )

## MEMORANDUM AND ORDER

Plaintiff Almy J. O'Neal, Jr., brings this action for compensatory damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq*. He alleges that federal prison officials at the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth"), failed and refused to properly evaluate, diagnose, and treat a mass in his right thigh, which was later determined to be cancerous. He seeks $8 million in compensatory damages on each of his two counts against defendant, as well as punitive damages. The case is before the court on defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 10). For the following reasons, the court grants defendant's motion.

**I.    Factual and Procedural Background**[1]

Plaintiff was a federal inmate at USP Leavenworth. According to the complaint, plaintiff complained of a mass in his right thigh in July 2003. Despite repeated requests, including

---

[1] The court construes the facts in the light most favorable to the non-moving party pursuant to Fed. R. Civ. P. 56. The court has combined the facts proposed by all parties, and included only those that are relevant, material, and properly supported by the record.

requests for biopsy, and despite noted changing of size and color of the mass, defendant did not properly evaluate plaintiff. Although certain medical staff members at USP Leavenworth recommended surgery on several occasions, defendant "through its agents, including Dr. McCoughlin," denied proper care. It was determined plaintiff should have surgery in March 2006, but surgery was not performed until June 22, 2006.[2] The mass was carcinoma. Plaintiff was then transferred to the Federal Medical Center at Butner, North Carolina ("FMC-Butner"), where a second surgery was performed in September 2006. Plaintiff remains at FMC-Butner, and cancer "still inhabits his body and continues to grow." (Doc. 1, at 4.)

Plaintiff originally filed this two-count FTCA complaint on September 11, 2009, in the United States District Court for the Southern District of Florida. On March 2, 2010, pursuant to an Agreed Order of Transfer (Doc. 8), the case was docketed in this district. Plaintiff alleges "Medical Negligence" (Count I) and "Deliberate Indifference" (Count II). Plaintiff asserts that defendant's failure "to properly adequately and timely treat plaintiff's condition . . . condemn[s] him to his anticipated slow and agonizing death." (Doc. 1, at 4.) According to plaintiff, this negligence continued from 2003 through the present. In support, plaintiff attaches the affidavit of Dr. Peter Bretan, Jr., who opines that, based on his review of plaintiff's records, there is a "deviation from the standard of care based on a delay in diagnosis of at least nine months to two years." (Doc. 1, at 10.)

Defendant seeks dismissal or summary judgment on the basis that, among other things, defendant is immune from plaintiff's deliberate indifference claim, and the negligence claim is

---

[2] In his complaint, plaintiff asserts that his first surgery occurred in "July 2006," but the affidavit attached to plaintiff's complaint; defendant's motion; and exhibits attached to defendant's motion—including copies of plaintiff's administrative complaints—clarify that the surgery occurred on June 22, 2006.

-2-

barred by the statute of limitations and/or failure to comply with jurisdictional prerequisites.[3]

## II. Standard

The parties have submitted, and the court has considered, evidence outside of the pleadings in relation to the instant motion. Therefore, the court treats the motion as one for summary judgment under Rule 56(c) of the Federal Rules. *See* Fed. R. Civ. P. 12(d) (stating that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"); *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1159–60 (10th Cir. 1999).

Summary judgment is appropriate if the pleadings, discovery, disclosure materials, and any affidavits show that there is "no genuine issue as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670–71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate

---

[3] Defendant also asserts that any recovery by plaintiff is limited to the $1,000,000 requested in his administrative claims, and that a jury demand is not available for FTCA claims.

the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *see Adler*, 144 F.3d at 671 n.1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

When, as here, a plaintiff proceeds *pro se*, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). But plaintiff's *pro se* status does not excuse him from the burden of coming forward with some "specific factual support," other than conclusory allegations, to support his claims. *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1228 (D. Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988)).

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut"; rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

**III. Discussion**

***Sovereign Immunity***

The existence of subject matter jurisdiction is a threshold issue. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Unless the United States waives sovereign immunity, this court does not have subject matter jurisdiction over suits against the United States. *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006).

The only defendant in this action is the United States of America. Plaintiff does not sue any individual government officials in their individual capacities. Unlike other defendants, the United States enjoys sovereign immunity from suit, absent a specific waiver of that immunity. *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

The FTCA waives sovereign immunity in certain circumstances. 28 U.S.C. § 1346(b). But, contrary to plaintiff's position in response to the pending motion, it does not waive sovereign immunity in all circumstances. It covers injuries caused by negligent or wrongful acts or omissions of a government employee acting within the scope of his or her employment, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Therefore, to the extent plaintiff alleges constitutional violations, including plaintiff's Eighth Amendment claim of deliberate indifference, this court lacks subject matter jurisdiction. It is well-settled that constitutional tort claims against the United States are barred by sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994).

Similarly, although an Eighth Amendment claim of deliberate indifference may be brought under *Bivens*[4] or 42 U.S.C. § 1983 against federal or state officials in their individual capacities for money damages, such a claim cannot be brought directly against the United States. *Id*. at 484–85; *Dahn v. United States*, 127 F.3d 1249 (10th Cir. 1997). Therefore plaintiff's Count II is dismissed.

---

[4] *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

*Medical Negligence*

The United States asserts that, to the extent plaintiff's claim of medical negligence arises from acts or omissions occurring at USP Leavenworth, the statute of limitations bars the cause of action. And to the extent plaintiff alleges medical malpractice occurring at FMC-Butner, defendant argues that plaintiff failed to satisfy mandatory jurisdictional prerequisites to suit contained in North Carolina law. (*See* Doc. 11, at 15) (citing N.C. Gen. Stat. 1A-1, Rule 9(j); *Thigpen v. Ngo*, 558 S.E. 2d 162, 167 (N.C. 2002).)

The FTCA imposes two time frames with which a claimant must comply in order for the court to assert jurisdiction. Under the FTCA, a tort claim against the United States must be "presented to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Then, plaintiff's lawsuit must be filed in an appropriate district court within six months after the date of mailing of notice of final denial of plaintiff's claim by the agency. *See* 28 U.S.C. § 2401(b); *Franklin Sav. Corp. v. United States*, 385 F.3d 1279, 1286 (10th Cir. 2004). Failure to comply with these provisions renders the claim "forever barred." 28 U.S.C. § 2401(b). The statute of limitations provision of the FTCA constitutes a waiver of the government's sovereign immunity, is jurisdictional, and cannot be waived. *Gualtier v. United States*, No. 93-3366, 1994 WL 247034, at *2 (10th Cir. June 8, 1994) (citing *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991)). This court is mindful not to "'extend the waiver beyond that which Congress intended.'" *Id*. (quoting, *e.g.*, *United States v. Kubrick*, 444 U.S. 111, 118 (1979)).

Defendant concedes, and uncontroverted evidence supports, that plaintiff filed his first two administrative claims within the applicable two-year time period. (Doc. 11-1, at 17) (claim dated May 27, 2007; received June 5, 2007; alleging plaintiff discovered misdiagnosis following his transfer to FMC-Butner and his subsequent diagnosis of cancer); (Doc. 11-1, at 23) (claim filed June

11, 2007, with identical allegations.) However, plaintiff failed to file a lawsuit within six months of the denial of these two claims. (Doc. 11-1, at 20) (denial of first claim received September 25, 2007); (Doc. 11-1, at 26) (denial of second claim received October 22, 2007.)

Plaintiff, through counsel, filed a third administrative claim on September 17, 2008.[5] It is the denial of this complaint that forms the basis for plaintiff's lawsuit.[6]

Defendant asserts that plaintiff's third administrative claim was filed outside of the two-year limitations period because the alleged cause of action accrued, if at all, in June 2006 when surgery revealed carcinoma; or at the latest in July 2006 when plaintiff was transferred to FMC-Butner for further treatment.

Plaintiff argues that his third claim was timely, because his cause of action accrued "some

---

[5] This third administrative claim, which is dated September 10, 2008, alleges the following:
Mr. O'Neal, while an inmate in the Federal Prison System, developed a right medial thigh nodule which was first noted in 2003. At that time he reported his complaints of pain to various prison staff and his primary care physician, Dr. J. Tharp and subsequently to his surgeon, Dr. McCallum. The medical records note there were two separate requests for excisional removal of this nodule in September, 2005 from Dr. Tharp to General Surgery. On [J]une 22, 2006 this was performed, revealing a high grade Leomysarcoma. Due to the spread of the cancer, a second surgery was necessary in September, 2006.
The extreme time delay in diagnosis of this cancer was a deviation from the Standard of Care in such circumstances. Thus the United States committed medical negligence in its untimely diagnosis and treatment of Mr. O'Neal. As a result, Mr. O'Neal has and will continue to suffer extreme pain, emotional harms and a decreased life expectancy.
(Doc. 11-1, at 28.)
The claim is accompanied by a letter from Dr. Peter Bretan, Jr., who opines that there was a deviation in the standard of care "based on the delay in diagnosis of at least 9 months to 2 years." (Doc. 11-1, at 30.)

[6] Plaintiff asserted in his complaint (Doc. 1) that he never received a notice of denial as to this third administrative claim. According to defendant, and as supported by defendant's documentary evidence, this claim was denied on March 8, 2010 (after plaintiff's lawsuit was filed), on the basis that it was not filed within the two-year statute of limitations set out in 28 U.S.C. § 2401(b).

-7-

reasonable time after September 11, 2006," the date of his second surgery. (Doc. 23, at 6.)

Although the parties cite to Kansas law, the point at which a cause of action accrues under the FTCA is governed by federal law. *See, e.g., Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1266–67 (10th Cir. 2002); *Nichols v. United States*, 311 F. Supp. 2d 1131, 1141 (D. Kan. 2004); *compare Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (applying Kan. Stat. Ann. § 60-513 in a § 1983 action). Under § 2401(b), a claim accrues when a plaintiff has knowledge of the injury and knowledge of its cause. *Kubrick*, 444 U.S. at 119.

In cases involving alleged failures to diagnose or treat, the Tenth Circuit has held that knowledge of "cause" means more than mere awareness of the medical cause of injury. *Arvayo v. United States*, 766 F.2d 1416, 1420 (10th Cir. 1985). There must also be knowledge of the causal connection between the injury and the misdiagnosis, or knowledge sufficient to cause a reasonably diligent person to inquire into causation. *Id*. at 1421–22. However, knowledge of negligence is not necessary. Both the Supreme Court and the Tenth Circuit have made it clear that knowledge of negligence is irrelevant to accrual under § 2401(b). *See Kubrick*, 444 U.S. at 123 (stating "[w]e thus cannot hold that Congress intended that 'accrual' of a claim must await awareness by the plaintiff that his injury was negligently inflicted"); *Gustavson v. United States*, 655 F.2d 1034, 1037 (10th Cir. 1981) (holding that "[w]hether doctors who treated [plaintiff] had been negligent in not discovering his condition and recommending surgery relates to the question of knowledge of malpractice, a matter irrelevant to the running of the statute of limitations."). Accrual only requires knowledge that the failure, whether or not negligent, was a cause of the injury, or knowledge of information sufficient to cause a reasonably diligent person to inquire into causation. *Nichols*, 311 F. Supp. 2d at 1141.

"The question of when a claim accrues under the FTCA for purposes of starting the two-year

statute of limitations—in this case, when a person discovers his or her injury and its cause—is a factual determination." *Plaza Speedway Inc.*, 311 F.3d at 1271 (Lucero, J., dissenting). In this case, it is unclear when plaintiff became aware of his injury or its cause. This is not due to a dispute in the facts. This is due to plaintiff's failure to clearly identify the injury that forms the basis of his complaint, or to specify how such injury was connected to some failure on defendant's part.

Although the court construes the facts in the light most favorable to plaintiff, the court's job in determining when the cause of action accrued is made more difficult by plaintiff's failure to comply with the procedural requirements of Rule 56. Despite having been granted nearly four months of additional time within which to respond, plaintiff fails to offer—by affidavit, discovery, disclosure material, or otherwise—any specific facts showing a genuine issue for trial. *See* Fed. R. Civ. P. 56(e)(2). Rather, plaintiff's response relies on allegations and denials in his complaint, and makes other unsupported and conclusory allegations.

The court has thoroughly reviewed the complaint, the briefs, the exhibits, and the relevant statutes and caselaw. Based on plaintiff's claim, as set out in his third administrative claim and the complaint filed here, it appears to the court that plaintiff's claim, if any, accrued on June 22, 2006, when surgery revealed a cancerous mass in his thigh. In reaching this conclusion, the court is guided by two Tenth Circuit cases.

In *Arvayo v. United States*, the Tenth Circuit was required to review the determination of when plaintiff's medical negligence claim against the United States accrued in a case where a government doctor misdiagnosed a child's illness one day, and by the time the child was correctly diagnosed as suffering from meningitis the next day, he had suffered irreversible brain damage. 766 F.2d at 1417–18 . Relying on *Kubrick*, the Tenth Circuit held that once the parents were aware of the injury and the misdiagnosis, they were under an affirmative duty to inquire, within the

-9-

limitations period, as to whether this misdiagnosis may have negligently caused the child's injury. *Id*. at 1421–22.

Similarly, in *Gustavson v. United States*, the plaintiff child exhibited severe bedwetting problems, for which he was seen by government doctors from time to time. 655 F.2d at 1035. The doctors apparently misdiagnosed his problem as mere anxiety, and never realized that it was caused by infection related to a vesico-uretal reflux disorder. This disorder was correctly diagnosed and quickly corrected by way of an operation by civilian doctors in 1973. However, the years during which this disorder and related infection had gone uncorrected had resulted in severe damage to plaintiff's kidneys. Despite the corrective surgery, the kidney damage was irreversible; the kidneys failed; plaintiff went on dialysis; plaintiff filed an administrative claim in 1977; and plaintiff died shortly thereafter from complications associated with kidney failure. The Tenth Circuit affirmed the district court's dismissal of the action on statute of limitations grounds, holding that plaintiff's cause of action accrued in 1973, when he "knew of the injury (damage to his kidneys) and the cause (failure to correct his ureter disorder at an earlier stage)." *Id*. at 1036–37.

This case is distinguishable from both *Arvayo* and *Gustavson* in that there are not clear dates associated with allegedly negligent acts or omissions, nor are there clear dates associated with injury. But the proposition of law for which these cases stand gives this court clear direction. The application of the *Kubrick* definition of "accru[al]" requires that, once a plaintiff is aware of the injury and its cause, he has an affirmative duty to "ascertain in what instances his condition should have been recognized." *Id*. at 1037; *Arvayo*, 766 F.2d at 1420.

In this situation, the court concludes that once plaintiff became aware that his diagnosis was cancer, he had an affirmative duty to ascertain in what instances his cancer should have been recognized. On the undisputed facts, plaintiff had been complaining of a mass in his right thigh

since 2003. As early as 2005, surgery was recommended, but was not performed until 2006. The court finds that upon discovering the mass was malignant, plaintiff's cause of action for negligent failure to evaluate, diagnose, and treat his condition accrued. This is underscored by the only factual support offered by plaintiff: the opinion of plaintiff's expert, Dr. Bretan, who asserts that the deviation, if one occurred, was in the nine month to two-year delay in making the diagnosis.

It is clear from this information that the only viable construction of plaintiff's negligence claim is that plaintiff alleges the agents and employees of United States departed from the standard of care in their treatment of the plaintiff in that they failed to detect, remove, and treat his cancer prior to the surgery performed on June 22, 2006.

Thus, the claim was not timely brought to the agency as required by the FTCA. Although the court is sympathetic to plaintiff's circumstances, this barrier is jurisdictional and unwaivable, and this court must dismiss plaintiff's Count II.

To the extent plaintiff purports to raise claims relating to medical care received in FMC-Butner, those issues were not addressed to the agency by way of plaintiff's administrative claims, and are therefore denied. *See supra*, note 5. "[A] plaintiff cannot 'present one claim to the agency and then maintain suit on the basis of a different set of facts.'" *Bowling v. United States*, No. 04-2320-JAR, 2010 WL 3724856, at *4 (quoting *Strohm v. United States*, No. 06-4139-SAC, 2007 WL 3120704, at *3 (D. Kan. Oct. 24, 2007), quoting *Dundon v. United States*, 559 F. Supp. 469, 476 (E.D.N.Y. 1983)). Based on this determination, the court declines to address defendant's other arguments, including the argument that plaintiff failed to comply with jurisdictional prerequisites of North Carolina law.

The court finds that summary judgment is appropriate, and plaintiff's complaint must be dismissed because the court lacks subject matter jurisdiction over plaintiff's claims under the FTCA.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 10) is granted.

**IT IS FURTHER ORDERED** that the case is dismissed for lack of subject matter jurisdiction.

Dated this 19th day of October 2010, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**